1  **WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Quain, | No. CV-09-2365-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Clear Channel Communications, Inc.; KYOT Radio; and Russ Egan, Program Director, | |
| Defendants. | |

Plaintiff is a member of the musical group Citizen Quain. He has been unable to get his music played on local radio stations. He filed a pro se complaint against Defendants on November 12, 2009. Dkt. #1.

Defendants have filed a motion for a more definite statement pursuant to Rule 12(e) of the Federal Rules of Civil Procedure. Dkt. #11. The motion is fully briefed. Dkt. ##13, 16. For reasons that follow, the Court will grant the motion.[1]

**I.  The Need for a More Definite Statement.**

A party may obtain a more definite statement under Rule 12(e) where the complaint

---

[1] The requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

is "so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Having reviewed the complaint and the parties' briefs, the Court agrees with Defendants that a more definite statement of Plaintiff's claims is required. Although the complaint identifies federal statutes and case law, it does not contain a jurisdictional statement. Nor does the complaint give each specific Defendant fair notice of the claim asserted against it and the grounds for the claim.

Defendants' motion sufficiently identifies the complaint's defects and the details desired. Dkt. #11. The Court will grant the motion. *See* Fed. R. Civ. P. 12(e). The Court will require Plaintiff to file an amended complaint, providing a more definite statement of his claims, by March 19, 2010.

**II.     Plaintiff's Obligations.**

Plaintiff must become familiar with, and follow, the Federal Rules of Civil Procedure and the Rules of the United States District Court for the District of Arizona ("Local Rules"). *See King v. Atiyeh*, 814 F.2d 565, 567 (9th Cir. 1986) ("Pro se litigants must follow the same rules of procedure that govern other litigants."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) (pro se litigants "should not be treated more favorably than parties with attorneys of record"); *Carter v. Comm'r of Internal Revenue*, 784 F.2d 1006, 1008 (9th Cir. 1986) ("Although pro se, [plaintiff] is expected to abide by the rules of the court in which he litigates."). The Federal Rules of Civil Procedure are available at the following Internet website: http://www.law.cornell.edu/rules/frcp/. A copy of the Court's Local Rules of Civil Procedure may be obtained from the Clerk's Office.

For purposes of the amended complaint, Plaintiff is directed to Rule 8 of the Federal Rules of Civil Procedure. Rule 8(a) provides that a complaint "shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, . . . (2) a short and plain statement of the claim *showing* that the pleader is entitled to relief, and (3) a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a) (emphasis added). These pleading requirements shall be set forth in separate and discrete paragraphs. The paragraphs must be numbered in consecutive order. Each paragraph must be "simple,

concise, and direct." Fed. R. Civ. P. 8(d)(1).

Plaintiff is advised that vague references to antitrust violations, extortion, fraud, and breach of contract are insufficient to satisfy the pleading requirements of Rule 8. The amended complaint must give each Defendant "fair notice of what [Plaintiff's] claim is and the grounds upon which it is based." *Holgate v. Baldwin*, 425 F.3d 671, 676 (9th Cir. 2005). This includes some factual basis for the claim and the specific legal theory supporting the claim.

To survive dismissal under Rule 12(b)(6), the amended complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard . . . asks for more than a sheer possibility that a defendant has acted unlawfully," demanding instead sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

Plaintiff is warned that if he fails to file an amended complaint by the March 19, 2010 deadline, the original complaint may be stricken and the case dismissed. *See* Fed. R. Civ. P. 12(e). Plaintiff is further warned that if he fails to prosecute this action, or if he fails to comply with the rules or any Court order, the Court may dismiss the action with prejudice pursuant to Rule 41(b) of the Federal Rule of Civil Procedure. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir.1992); *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

**IT IS ORDERED:**

1. Defendants' motion for a more definite statement (Dkt. #11) is **granted**.
2. Plaintiff shall file an amended complaint by **March 19, 2010**.
3. Plaintiff's motion for summary findings of facts and second discovery request for production of documents (Dkt. #14) is **denied**.
4. Plaintiff's motion to proceed to discovery and trial on the facts (Dkt. #18) is **denied**.

5. Defendants' motion to strike sur-reply (Dkt. #19) is **denied** as moot.

DATED this 25th day of February, 2010.

_____
David G. Campbell
United States District Judge