**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Quain, | No. CV-09-2365-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Cap Star Broadcasting, Inc.; Clear Channel Communications, Inc.; KYOT Radio; and Russ Egan, Program Director, | |
| Defendants. | |

Plaintiff is a member of the musical group Citizen Quain. He has been unable to get his music played on a local radio station. He filed a pro se complaint against Defendants on November 12, 2009. Dkt. #1. The Court granted Defendants' request for a more definite statement (Dkt. ##11, 21), and Plaintiff filed an amended complaint on March 18, 2010 (Dkt. #24).

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Dkt. #25. Plaintiff opposes the motion (Dkt. #27), and requests, pursuant to Rule 15, leave to amend to the extent his complaint fails to state a claim to relief (Dkt. #28). The Court will grant leave to amend and deny the motion to dismiss as moot.[1]

---

[1] The requests for oral argument are denied because the parties have fully briefed the issues and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Lake at Las Vegas Investors Group, Inc. v. Pac. Malibu Dev. Corp.*, 933 F.2d 724, 729 (9th Cir. 1991); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 | Rule 15 makes clear that the Court "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). The policy in favor of leave to amend must not only be heeded by the Court, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), it must also be applied with extreme liberality, *see Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 880 (9th Cir. 2001). This is particularly true where, as in this case, the party seeking leave to amend is a pro se litigant. *See Flowers v. First Hawaiian Bank*, 295 F.3d 966, 976 (9th Cir. 2002) ("We are very cautious in approving a district court's decision to deny pro se litigants leave to amend."); *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (pro se litigants are "entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action"). Indeed, courts in this Circuit have "long sought to ensure that pro se litigants do not unwittingly fall victim to procedural requirements that they may, with some assistance from the court, be able to satisfy." *Waters v. Young*, 100 F.3d 1437, 1441 (9th Cir. 1996). The Court, in the interest of justice, will grant Plaintiff's motion for leave to amend. *See Neuendorf v. Unknown Party*, No. CV 10-124-PHX-RCB (DKD), 2010 WL 1743198, at *2 (D. Ariz. Apr. 27, 2010).

Plaintiff shall file his second amended complaint by **July 9, 2010**. Plaintiff is directed to the Court's order of February 25, 2010 (Dkt. #21) for guidance on drafting a complaint that satisfies the pleading requirements of Rule 8. Plaintiff is advised that the Court will not grant leave to file a third amended complaint. This is Plaintiff's final opportunity to file a complaint that states a claim to relief. If the second amended complaint fails to plead a claim to relief, this action will be dismissed with prejudice.

**IT IS ORDERED:**

1. Plaintiff's motion to amend (Dkt. #29) is **granted**.
2. Plaintiff shall have until **July 9, 2010** to file a second amended complaint.
3. **The Court will not grant leave to file a third amended complaint.**
4. Defendants' motion to dismiss (Dkt. #25) is **denied** as moot.

5. The Clerk is directed to mail to Plaintiff a copy of the Court's February 25, 2010 order (Dkt. #21).

DATED this 22nd day of June, 2010.

_David G. Campbell_
United States District Judge