**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| John R. Quain, | No. CV-09-2365-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| Capstar d/b/a Clear Channel Communications, Inc., | |
| Defendants. | |

Plaintiff owns Silk Purse Records and is the leader of the musical group Citizen Quain. He has been unable to get his music played on a local radio station. He filed suit against Defendants on November 12, 2009. Doc. 1. The second amended complaint purports to assert breach of contract, misrepresentation, and unjust enrichment claims. Doc. 33.

Defendants have filed a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Doc. 35. The motion is fully briefed. Docs. 36, 37, 39. For reasons stated below, the motion will be granted.[1]

**I.  Rule 12(b)(6) Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the factual allegations are taken as true and construed in the light most favorable to

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). "'[C]onclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss for failure to state a claim.'" *In re Cutera Sec. Litig.*, 610 F.3d 1108 (9th Cir. 2010). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard requires sufficient factual allegations to allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

## II.   Count One: Breach of Contract.

"For a plaintiff to bring a breach of contract action against a defendant, the plaintiff and defendant must have a contractual relationship." *Brown v. Kinross Gold U.S.A., Inc.*, 531 F. Supp. 2d 1234, 1240 (D. Nev. 2008). The contract being sued upon in this case is a consent decree between the Federal Communications Commission ("FCC") and Clear Channel Communications, Inc. ("Clear Channel"). Docs. 15, 35-1. Plaintiff concedes that he is not a party to that agreement. Doc. 33 ¶ 16, 36 at 4. "It would be a novel holding for the [C]ourt to rule that a breach of contract action can be maintained [by] a person who is not a party to the contract being sued upon." *Traffas v. Bridge Capital Investors II*, No. 90-1304 MLB, 1993 WL 339293, at *3 (D. Kan. Aug. 23, 1993).

Plaintiff claims to be is a third party beneficiary on the ground that the main purpose of the consent decree is to allow individual artists the ability to obtain airtime on local radio stations. Doc. 33 ¶¶ 16-17. In order to recover under the third party beneficiary doctrine, the contract relied upon by the third party must reflect that the parties thereto "'intended to recognize him as the *primary* party in interest and as privy to the promise.'" *Sherman v. First Am. Title Ins. Co.*, 38 P.3d 1229, 1232 (Ariz. Ct. App. 2002) (citation omitted; emphasis in original). "Not only must the benefit be intentional and direct, but the third

- 2 -

person must be a real promissee." *Stratton v. Inspiration Consolidated Copper Co.*, 683 P.2d 327, 329 (Ariz. Ct. App. 1984).

Statements by certain FCC Commissioners make clear that the consent decree is designed to limit "payola," that is, the "pay for play" practices of Clear Channel and its subsidiaries. *See* Doc. 15 at 12-18. Those statements also show that rules and agreements prohibiting payola benefit independent local artists who otherwise could not afford to get their music on the airwaves. *Id.* But this incidental benefit does not render Plaintiff a "real promissee" to the consent decree between the FCC and Clear Channel. "Parties that benefit from a government contract are generally assumed to be incidental beneficiaries, and may not enforce the contract absent a clear intent to the contrary." *Klamath Water Users Protective Ass'n v. Patterson*, 204 F.3d 1206, 1211 (9th Cir. 1999); *see Araiza v. U.S. W. Bus. Res., Inc.*, 904 P.2d 1272, 1278 (Ariz. Ct. App. 1995) (a third party "cannot be merely an incidental beneficiary" to maintain a contract action). Defendants note, correctly, that nothing in the consent decree requires Clear Channel to play Plaintiff's music or that of any other musician. Doc. 35 at 8.

Because count one fails to state a plausible breach of contract claim, it will be dismissed.

### III. Count Two: Misrepresentation.

To state a viable misrepresentation claim, the plaintiff must allege "that the defendant made a false, material misrepresentation that he knew was false or was ignorant of its truth, with the intention that the hearer of the representation act on it in a manner reasonably contemplated, that the hearer was ignorant of the representation's falsity, rightfully relied on the truth of the representation, and sustained consequent and proximate damages." *Haisch v. Allstate Ins. Co.*, 5 P.3d 940, 944 (Ariz. Ct. App. 2000).

Plaintiff alleges in count two that by entering into the consent decree, Clear Channel knowingly "misrepresented that it would comply with the provisions to provide approximately 4,000 hours of airtime made available to independent and/or local artists." Doc. 33 ¶ 23. But the consent decree contains no such provision. Nor does the complaint

allege that Clear Channel intended Plaintiff to act on the purported misrepresentation in the manner he did, that is, spending nearly $100,000 recording music and preparing promotional items. *Id.* ¶¶ 20, 26. Finally, although Plaintiff may be an independent local artist, he would not necessarily be entitled to a certain portion of the 4,000 hours of airtime. His reliance on the purported misrepresentation, therefore, was not justified. The misrepresentation claim asserted in count two will be dismissed.

**IV.   Count Three: Unjust Enrichment.**

"Unjust enrichment occurs when one party has and retains money or benefits that in justice and equity belong to another." *Trustmark Ins. Co. v. Bank One, Ariz., NA*, 48 P.3d 485, 491 (Ariz. Ct. App. 2002). To state a valid unjust enrichment claim, the plaintiff must allege an impoverishment on his part, an enrichment to the defendant, a connection between the two, the absence of justification, and the absence of a legal remedy. *See id.*

Plaintiff alleges in count three that by entering into the consent decree, Clear Channel "agreed to confer upon independent third parties the benefit of approximately 4000 hours of airtime"(Doc. 33 ¶ 30), and this airtime "provides a great deal of financial resources to [Clear Channel]" (*id.* ¶ 31). As explained above, however, the consent decree contains no promise on the part of Clear Channel to provide airtime to Plaintiff or any other musician. Because the complaint, even when liberally construed, alleges no facts showing that Defendants are retaining airtime that "in justice and equity" belongs to Plaintiff, the unjust enrichment claim will be dismissed.

**V.   Leave to Amend.**

The Court recognizes that leave to amend should be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). Plaintiff, however, already has amended his complaint twice: once in response to Defendants' motion for a more definite statement (Docs. 11, 24), and again in response to Defendants' first motion to dismiss (Docs. 25, 33). Those amendments failed to cure the deficiencies identified in Defendants' motions. Before filing his first and second amended complaints, Plaintiff was advised of Rule 8's pleading requirements as interpreted by the Supreme Court in *Twombly* and *Iqbal*. Docs. 21 at 2-3,

1 32 at 2. Plaintiff was further advised that because leave to file a third amended complaint
2 will not be granted, the second amended complaint was his final opportunity to state a claim
3 to relief. Doc. 32 at 2. Plaintiff has not shown, and it does not otherwise appear to the
4 Court, that the second amended complaint's deficiencies can be cured through additional
5 amendment. The Court will therefore deny leave to amend. *See Foman v. Davis*, 371 U.S.
6 178, 182 (1962) (leave to amend may be denied as futile); *Leadsinger, Inc. v. BMG Music
7 Publ'g*, 512 F.3d 522, 532 (9th Cir. 2008) (affirming denial of leave to amend where the
8 complaint could not be saved by any amendment).

**IT IS ORDERED:**

1. Defendants' motion to dismiss the second amended complaint (Doc. 35) is **granted**.
2. Plaintiff's motion to amend and to compel production of documents (Doc. 36) is **denied**.
3. The Clerk is directed to enter judgment accordingly and terminate this action.

DATED this 18th day of October, 2010.

_David G. Campbell_
United States District Judge