1   **WO**

2

3

4

5

6                    **IN THE UNITED STATES DISTRICT COURT**

7                        **FOR THE DISTRICT OF ARIZONA**

8

9   John R. Quain,                     )    No. CV-09-2365-PHX-DGC
                                        )
10            Plaintiff,                )    **ORDER**
                                        )
11   vs.                               )
                                        )
12   Capstar d/b/a Clear Channel        )
    Communications, Inc.,               )
13                                      )
             Defendants.                )
14   _____)

15          Plaintiff owns Silk Purse Records and is the leader of the musical group Citizen

16   Quain.  He has been unable to get his music played on a local radio station.  He filed

17   suit against Defendants on November 12, 2009.  Doc. 1.  The second amended complaint

18   asserts breach of contract, misrepresentation, and unjust enrichment claims.  Doc. 33.  On

19   November 18, 2010, the Court granted Defendants' motion to dismiss (Doc. 35) and the

20   Clerk entered judgment accordingly.  Docs. 40, 41.

21          Defendants have filed a motion for an award of attorneys' fees in the amount of

22   $39,047.50.  Doc. 42.  The motion is fully briefed.  Docs. 47-52.  No party has requested oral

23   argument.  For reasons stated below, the Court will grant the motion in part and award

24   Defendants attorneys' fees in the amount of $15,317.50.

25          Defendants seek a fee award pursuant to A.R.S. § 12-341.01.  Subsection (A) of that

26   statute provides that "[i]n any contested action arising out of a contract, express or implied,

27   the court may award the successful party reasonable attorney fees."  Subsection (C) requires

28   a fee award "upon clear and convincing evidence that the claim or defense constitutes

1   harassment, is groundless and is not made in good faith."

2       With respect to subsection (C), the Court cannot find by clear and convincing

3 evidence that Plaintiff's claims constitute harassment. Defendants, however, clearly are

4 entitled to a fee award under subsection (A) of the statute. It is well-settled that a defendant

5 "'is entitled to an award of its attorney's fees under § 12-341.01 if the plaintiff is not entitled

6 to recover on the contract on which the action is based, or if the court finds that the contract

7 on which the action is based does not exist.'" *Chevron U.S.A., Inc. v. Schirmer*, 11 F.3d

8 1473, 1480 (9th Cir. 1993) (quoting *Berthot v. Sec. Pac. Bank of Ariz.*, 823 P.2d 1326, 1332

9 (Ariz. Ct. App. 1991)). Count one of the second amended complaint specifically asserts a

10 breach of contract claim based on Plaintiff's alleged third-party beneficiary status to a

11 consent decree between Defendants and the FCC. Doc. 33 ¶¶ 15-21. The related

12 misrepresentation and unjust enrichment claims arise directly from Defendants' alleged

13 refusal to comply with terms of the consent decree. *Id.* ¶¶ 22-33. Although the Court

14 ultimately determined that there is no contractual privity between Plaintiff and Defendants

15 (Doc. 40 at 2-3), this action arose "out of a contract" for purposes of § 12-341.01(A). *See*

16 *Chevron*, 11 F.3d at 1480 (defendant entitled to a fee award where the complaint alleged the

17 existence of contracts); *Berthot*, 823 P.2d at 1332 (affirming fee award where the trial court

18 "impliedly found that there was no contract between the parties"). Defendants, as successful

19 parties, are entitled to an award of reasonable attorneys' fees under § 12-341.01(A).

20       The Court is familiar with the facts of this case and the manner in which it was

21 litigated. Having reviewed Defendants' supporting memorandum (Doc. 42) and counsel's

22 declaration and statement of fees (Doc. 42-1), and having considered the record as a whole,

23 Plaintiff's pro se status, and the relevant fee award factors, *see Associated Indemnity Corp.*

24 *v. Warner*, 694 P.2d 1181, 1184 (Ariz. 1985), the Court finds a fee award in the amount of

25 $15,317.50 to be reasonable and appropriate. *See also* LRCiv 54.2(c)(3)(A)-(M) (listing

26 factors bearing on the reasonableness of a fee award); *Hensley v. Eckerhart*, 461 U.S. 424,

27 429-30 & n.3 (1983) (same). This amount represents the fees Defendants incurred after

28 Plaintiff filed his opposition to the motion to dismiss the first amended complaint on May 14,

2010.  Doc. 27.  Defendants' motion to dismiss made clear that Plaintiff is not a party to the consent decree, that he has no right, contractual or otherwise, to enforce its terms, and that Defendants have no obligation to play or promote Plaintiff's music.  Doc. 25.  Because the pro se Plaintiff likely was not aware of the shortcomings of his claim before the motion was filed, the Court will not award fees incurred before that time.  After the motion identified the clear flaws in Plaintiff's legal theory, however, he continued to litigate, forcing Defendants to incur fees defeating his claim.  The Court concludes that those fees should be recovered under the Arizona statute.

**IT IS ORDERED:**

1.      Defendants' motion for attorneys' fees (Doc. 42) is **granted in part**.

2.      Defendants are awarded **$15,317.50** in attorneys' fees pursuant to A.R.S. § 12-341.01(A).

3.      Defendants' motion to strike sur-reply (Doc. 53) is **denied** as moot.

DATED this 29th day of December, 2010.

David G. Campbell
United States District Judge